| | |
|---|---|
| 1  COUGHLIN STOIA GELLER<br>     RUDMAN & ROBBINS LLP<br>2  JOHN J. STOIA, JR. (141757)<br>   RACHEL L. JENSEN (211456)<br>3  PAULA M. ROACH (254142)<br>   655 West Broadway, Suite 1900<br>4  San Diego, California 92101<br>   Telephone: (619) 231-1058<br>5  Facsimile: (619) 231-7423<br>   johns@csgrr.com<br>6  rachelj@csgrr.com<br>   proach@csgrr.com<br>7<br>   WHATLEY, DRAKE & KALLAS, LLC<br>8  JOE R. WHATLEY, JR.<br>   EDITH M. KALLAS<br>9  ELIZABETH ROSENBERG<br>   1540 Broadway, 37th Floor<br>10 New York, New York 10036<br>   Telephone: (212) 447-7070<br>11 Facsimile: (212) 447-7077<br>   jwhatley@wdklaw.com<br>12 ekallas@wdklaw.com<br>   erosenberg@wdklaw.com<br>13<br>   Co-Lead Counsel for Plaintiffs<br>14<br>   JONES DAY<br>15 ELWOOD LUI (45538)<br>   555 South Flower Street<br>16 Fiftieth Floor<br>   Los Angeles, California 90071-2300<br>17 Telephone: (213) 489-3939<br>   Facsimile: (213) 243-2539<br>18 elui@jonesday.com<br>19 Attorneys for Defendant | JS 6<br><br><br><br><br><br><br><br><br><br><br><br><br><br>JONES DAY<br>THOMAS E. FENNELL<br>MICHAEL L. RICE<br>2727 N. Harwood St.<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>tefennell@jonesday.com<br>mlrice@jonesday.com<br><br>JONES DAY<br>HUGH R. WHITING<br>North Point<br>901 Lakeside Avenue<br>Cleveland, Ohio 44114<br>Telephone: (216) 586-3939<br>Facsimile: (216) 579-0212<br>hrwhiting@jonesday.com<br><br>Attorneys for Defendant |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re MATTEL, INC., TOY LEAD PAINT PRODUCTS LIABILITY LITIGATION | Case No. 2:07-ml-01897-DSF-AJW<br><br>CV 07-7657 DSF<br>**FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE**<br><br>Date:  March 15, 2010<br>Time:  1:30 p.m.<br>Dept.: 840 |

IT IS HEREBY ADJUDGED AND DECREED THAT:

1. This Final Judgment incorporates by reference the definitions in the Stipulation of Class Action Settlement dated October 12, 2009 ("Agreement" or "Stipulation"), and all terms used herein shall have the same meanings as set forth in the Agreement unless set forth differently herein. The terms of the Agreement are fully incorporated in this Final Judgment as if set forth fully herein, except the second sentence of Section I.1 of the Agreement, which is modified to require payment by Mattel within ten (10) business days of any award of Attorneys' Fees and Expenses to Co-Lead Counsel, and the third sentence of Section I.3 of the Agreement is modified to require payment by Mattel to Co-Lead Counsel within ten (10) business days of any award of Incentive Awards to the Class Representatives.

2. The Court has jurisdiction over the subject matter of this Action and all Parties to the Action, including all Settlement Class Members.

3. In the accompanying Order Granting Class Action Settlement, the Court granted final certification, for purposes of settlement only, of a Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3), defined as:

> All Persons who (a) purchased or acquired (including by gift) a new Recalled Toy for or on behalf of themselves or a minor child over whom they have custody and control as a parent or guardian, or to be given as a gift to another Person; or (b) are the parent or guardian of a minor child who purchased or acquired (including by gift) a new Recalled Toy.

4. The Settlement Class certified by this Court for settlement purposes excludes the following Persons:

- all Persons who purchased or acquired a used Recalled Toy;
- all Persons who purchased or acquired a Recalled Toy for resale;
- Defendants and their affiliated entities;
- Defendants' legal representatives, assigns, and successors;
- any Person who filed a valid, timely Request For Exclusion; and

- the Judges to whom this Action is assigned and any member of their immediate families.

5. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all Persons who satisfy the Class definition above are Settlement Class Members bound by this Final Judgment.

6. The list of Persons excluded from the Settlement Class because they timely filed valid Requests for Exclusion ("Opt-Outs") is attached hereto as Exhibit 1. Persons who filed timely, completed Opt-Outs are not bound by this Final Judgment or the terms of the Agreement, and may pursue their own individual remedies against Defendants and the Released Parties. However, such Persons are not entitled to any rights or benefits provided to Settlement Class Members by the terms of the Agreement.

7. As set forth in the accompanying Order Approving Class Action Settlement, the Claims Administrator caused to be mailed or emailed to all identified Settlement Class Members the Class Notice which is Exhibit L to the Stipulation, and caused to be published a Summary Notice of the proposed Settlement, which is Exhibit C to the Stipulation, and made available to Settlement Class Members on the settlement website and upon request the long-form Notice, which is Exhibit B to the Stipulation (collectively the "Notices").

8. For the reasons set forth in the accompanying Order Approving Class Action Settlement, the Settlement of this Action on the terms set forth in the Agreement, along with the Exhibits thereto, proposed by the Parties has been approved by this Court.

9. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all Settlement Class Members who have not timely and validly filed Opt-Outs are thus Settlement Class Members who are bound by this Final Judgment, by the Order Approving Class Action Settlement and by the terms of the Agreement.

10. The Released Parties are hereby released and forever discharged from any and all of the Released Claims. The Releasing Parties are hereby forever barred and enjoined from asserting, instituting or prosecuting, directly or indirectly, any Released Claim in any court or other forum against any of the Released Parties. However, no Releasing Party shall be deemed to be barred or enjoined from bringing any individual claim for personal injury on behalf of themselves or any minor child of whom they have custody or control as a parent or guardian (including, without limitation, individual claims for testing, medical monitoring, or medical treatment; provided, however, that the cost of any lead testing of a minor child that is reimbursed by Mattel to a Settlement Class Member pursuant to the Settlement shall be included in the term "Released Claim.") All Settlement Class Members are bound by the Covenant Not To Sue and are hereby forever barred and enjoined from taking any action in violation of the Covenant Not to Sue.

11. None of the provisions of the Settlement, this Final Judgment, nor the fact of the Settlement constitutes any admission by any of the Parties of any liability, wrongdoing or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the Action. None of the provisions of the Settlement, this Final Judgment, the accompanying Order Approving Class Action Settlement, the fact of the Settlement, the proceedings related to the Settlement, the Parties' negotiations, nor any documents related thereto may be offered or received in evidence or construed as an admission, concession, presumption or inference against any Party in any proceeding, except insofar as may be necessary to effectuate or enforce the terms of the Settlement and this Final Judgment.

12. The Court hereby dismisses with prejudice the Action, all Constituent Actions, and all Released Claims against each and all Released Parties and without costs to any of the Parties as against the others.

13. Without affecting the finality of this Final Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Final Judgment and the Agreement, and all matters ancillary thereto, including the award of Attorneys' Fees and Expenses to Co-Lead Counsel and Incentive Awards to the Class Representatives, which the Court has taken under advisement.

14. The award of Attorneys' Fees and Expenses to Co-Lead Counsel and the award of Incentive Awards to Class Representatives, including any appeals therefrom, shall not affect the finality of any other portion of this Final Judgment or delay the Effective Date of the Agreement.

15. The Court, finding that no reason exists for delay, hereby directs the Clerk to enter this Final Judgment forthwith.

Dated: March 26, 2010          IT IS SO ORDERED.

*Dale S. Fischer*

_____
Hon. Dale S. Fischer
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

- 5 -

2:07-ml-01897 - [PROPOSED] FINAL
JUDGMENT OF DISMISSAL WITH
PREJUDICE

# EXHIBIT 1

Persons Who Requested To Be Excluded From The Class

| Last Name | First Name |
|---|---|
| Aiello | William |
| Benson | Dan |
| Benson | Denise |
| Benson | Ricki |
| Blas | Rhonda |
| Buell | Audra |
| Burch | David |
| Chamberlain | Tracy |
| Feldman | Maralee |
| Garland | Stephanie |
| Gleason | Jean |
| Harbaugh | Jill |
| Helm | Erika |
| Herrell[1] | Pam |
| Keranen | J. |
| Kolick | Anne |
| Lawson | Lori |
| Littlefield | Wayne |
| Mahoney | Karen |
| Means | Star |
| Miramontes | Sheila |
| Nesty | Rene |
| Perez[2] | Victor |
| Robinson | Renita |
| Rose | Loretta |
| Rowland | Debbie |
| Seidel | Darin |
| Seidel | Karen |
| Sippy | Steve |
| Skeete | Stacy |
| Stevens | Rosemarie |
| Swartz | Shane |
| Tucker | Jaclyn |
| Turnblom | Eileen |
| Walla | Glen |
| Wells | Cassie |
| Wilkerson | Cindy |
| Yezik | Jennifer |

---

[1] Original Data File lists Jimmy Herrel at matching address.

[2] Late filed; all Parties waived objections as to its timeliness.